OPINION
{¶ 1} This is an appeal by relator-appellant, Greater Columbus Investment Company ("GCI"), from a judgment of the Franklin County Court of Common Pleas, denying GCI's motion for summary judgment and granting the motion for summary judgment filed by respondent-appellee, Cheryl Roberto, Director of Public Utilities ("director").
 {¶ 2} In November 2002, the Columbus City Council ("city council") enacted a temporary moratorium (Ordinance No. 1700-02) on the extension of water and sewer pipelines into the Big Darby Watershed. The initial moratorium, effective December 19, 2002, was for two years (due to expire on December 19, 2004). City council subsequently extended the moratorium until December 31, 2005 (Ordinance No. 1397-2004), and later extended it one more time, until June 30, 2006 (Ordinance No. 2119-2005).
 {¶ 3} On June 25, 2004, GCI, the owner of 99.344 acres of property located in an area covered by the moratorium, applied for a variance with the director. By letter dated June 21, 2004, the director rejected GCI's application for a variance.
 {¶ 4} On February 24, 2005, GCI filed a petition in mandamus with the trial court, requesting that the court grant its application for a declaratory variance. On April 8, 2005, the director filed an answer, and the parties subsequently agreed that the matter would be submitted to the court on briefs.
 {¶ 5} On November 30, 2005, GCI filed a motion for summary judgment. On December 15, 2005, the director filed a memorandum contra GCI's motion for summary judgment, as well as a cross-motion for summary judgment.
 {¶ 6} By decision filed January 18, 2006, the trial court denied GCI's motion for summary judgment and granted the director's cross-motion for summary judgment, finding that GCI was not entitled to a declaratory variance. The decision of the trial court was journalized by judgment entry filed January 31, 2006.
 {¶ 7} On appeal, GCI asserts the following single assignment of error for this court's review:
THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF RESPONDENT/APPELLEE CHERYL ROBERTO, DIR-ECTOR, PUBLIC UTILITIES.
 {¶ 8} At the outset, we address an issue raised by the director in a motion to dismiss, filed July 19, 2006, following oral argument in this case. The director argues that, during the course of this appeal, the moratorium at issue expired. The director therefore maintains that the issue raised in this appeal is moot, as GCI no longer needs a variance, nor could the director grant such relief.
 {¶ 9} Attached to the director's motion is the affidavit of Kevin J. Wheeler, the assistant administrator of the planning division for the Columbus Department of Development. In the affidavit, Wheeler averred that city council had not extended the moratorium past June 30, 2006, and, therefore, it had expired and was no longer in place. Attached to the motion were copies of the city council ordinances at issue. GCI has not filed a response to the director's motion to dismiss.
 {¶ 10} Because the moratorium expired by its terms on June 30, 2006, we agree with the director that no live controversy remains regarding the moratorium, and, therefore, this appeal is moot. See State ex rel. Finn v. City of Lima (June 24, 1977), Allen App. No. 1-76-62 (expiration of ordinance by its express terms rendered appeal moot); Miner v. Witt (1910),82 Ohio St. 237, 239 (when, pending an appeal, an event occurs which renders it impossible for a reviewing court to grant any relief, the appeal will be dismissed).
 {¶ 11} Accordingly, the motion to dismiss is granted, and this appeal is dismissed.
Appeal dismissed.
Klatt, P.J., and McGrath, J., concur.